Moses & Co. & others *vs.* SIMON BRODIE & others.

October Term, 1873.

PLEADING—REFERENCE BY ONE BILL TO ALLEGATIONS OF ANOTHER.—A bill must be complete in itself by proper averments and exhibits attached, and cannot, by a general reference to the charges of another bill in a different cause, though in the same court, make such charges a part thereof.

SAME, FORM, SUBSTANCE.—A bill, in form and filed as an original bill by some of the defendants in a cause against the complainants and co-defendants in the same cause, may, in order to attain the ends of justice, be treated as, what it is in substance, a petition to become co-complainants in the original cause, or as a cross-bill in that cause.

*M. M Brien & Son*, for complainants.
*E. H. East*, for defendants.

THE CHANCELLOR :—On the 14th of March, 1867, the Cincinnati creditors of Simon Brodie mentioned in his deed of trust after Lockhard & Ireland, who are complainants in the preceding case, filed this bill, which is in form an original bill, and so entered on the Rule Docket of this court, against the parties to said bill of Lockhard & Ireland, except the complainants themselves. They set out their claims against Simon Brodie, and mention the filing of the bill of Lockhard v. Brodie, and say : "All the allegations of fraud contained in said bill are especially referred to and adopted in this bill as if here set out and charged. Complainants also refer to the exhibits of said bill and make them a part of this bill." They then charge that the conveyance of the master to Sophia

Brodie was a fraudulent device, made to hinder and delay the creditors of Simon Brodie; that the deed of trust is also fraudulent and void for the reasons set out in the bill of Lockhard & Ireland. They allege that they have never accepted the provisions of the deed of trust, and if they had been aware of the filing of the bill of Lockhard & Ireland they would have become parties complainants instead of defendants thereto. They pray that the deed be set aside and the property subjected to their debts, and, at the close of their bill, "they pray further to be made parties complainant to Lockhard & Ireland's bill against defendants, or this bill be consolidated with that and all heard together." No attachment or other extraordinary process was asked for or sued out.

Separate demurrers have been filed by Simon Brodie, Sophia Brodie and the two Bissingers, to this bill, the grounds assigned being the same in each, namely, that the bill is multifarious in joining in one bill the matter of the deed to Mrs. Brodie, and the matter of the deed of trust, and for the same reason that there has been a misjoinder of parties. A third ground of demurrer is that the bill fails to set out the individual names of the persons composing the firms of the complainants. The latter ground of demurrer is one of form, not substance, at any rate it is a ground of special demurrer to its particular defect, not of general demurrer to the whole bill. The other grounds of demurrer are, of course, not well taken. *Johnson* v. *Brown*, 2 Hum. 327; *Fogg* v. *Rogers*, 2 Cold. 290, 296; *Bartee* v. *Tompkins*, 4 Sneed, 623, 636. The two transactions sought to be impeached have a common origin, and are so connected in the manner in which they took place, that it was impossible to tell in advance what bearing one might have upon the other.

The defendants have made no point that the validity of the demurrers has been admitted by failing to set them for argument at the first term under the Code, § 4394, and, of course, the court does not feel called upon to do it.

If this bill is to be treated as an original bill it is not only

seriously defective, but the complainants are only at the commencement of the litigation. I know of no rule or usage of chancery practice that permits a party by a general reference in an original bill to the charges of another bill, even if filed in the same court, to make the latter charges a part of such bill. Every original bill must be complete in itself, by allegations embodied in it, or by exhibits attached to it, to enable the court to act upon it without reference to extraneous documents. I make this suggestion for the consideration of learned counsel, so that if I am in error they may be able to correct me. The defendants have not made any such point in their defense, nor does it necessarily arise in the view I have taken of the case.

Our supreme court has often had occasion to say, and in the conclusion I fully concur with them, and it would be my duty to follow the ruling whether I concurred or not, that the court of chancery looks to substance not form. Accordingly, I have at this term, in the case of *Newman* v. *Smith*, treated a petition as an original bill, and, in the case of *Randall* v. *Payne*, treated as a bill of review for errors apparent a bill filed nominally as an original bill in the nature of a bill of review. This bill is in form, and has been so treated, an original bill, but it is in substance a petition to be allowed to become parties complainant to the bill of Lockhard & Ireland, or, at any rate, as a cross-bill in that cause. In either of these views, the two proceedings are in effect one. These complainants had a right to file a cross-bill in order to set up adverse rights against their co-defendants with whom they were joined, as having acquiesced in the deed of trust. They might also make themselves parties complainant with the assent of the original complainants. I will permit them now to treat their bill as a petition to become co-complainants, in the original bill, and, unless the defendants show cause to the contrary, to take an order, with the assent of Lockhard & Ireland, making them complainants upon their giving bond and security for costs; or they may consider their bill as a cross-bill and proceed with it accord-

ingly. In either view, they will be entitled to share in the property subjected to the satisfaction of the debts of Simon Brodie under the opinion already given. The costs in the first instance will be paid out of the fund secured to the creditors, excluding Mrs. Brodie's share, and the creditors may take a decree over against Simon Brodie, and the two Bissingers for the same.